1  Daniel Feder (SBN 130867)
   **LAW OFFICES OF DANIEL FEDER**
2  332 Pine Street, Suite 700
   San Francisco, CA 94104
3  Telephone: (415) 391-9476
   Facsimile:  (415) 391-9432
4
5  Attorney for Plaintiff,
   VANESSA RAMIREZ
6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA RAMIREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PETSMART, INC; a Delaware Corporation; and DOES 1-50, inclusive<br><br>Defendants. | **Case No.:**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL REQUESTED**<br><br>1. Gender Discrimination in Violation of FEHA;<br>2. Failure to Prevent Discrimination, and/or Retaliation in Violation of FEHA;<br>3. Retaliation in Violation of FEHA;<br>4. Retaliation in Violation of California Labor Code §1102.5;<br>5. Wrongful Termination in Violation of Public Policy;<br>6. Wrongful Termination in Violation of FEHA.<br>7. Harassment Based on Pregnancy<br>8.<br><br>**REQUEST FOR PUNITIVE DAMAGES** |

Plaintiff alleges:

## PARTIES

1. Plaintiff VANESSA RAMIREZ ("Plaintiff" or "RAMIREZ") is an individual adult, residing in Livermore, California. At all times relevant herein Plaintiff was employed by Defendant PETSMART, INC. ("Defendant" or "PETSMART").

2. Defendant PETSMART, INC. is a corporation duly incorporated under the laws of the State of Delaware doing business in San Jose, California.

3. Plaintiff is ignorant of the true names and capacities of the defendants who are sued herein as DOES 1 - 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such unlawful conduct.

4. Plaintiff is informed and believes and thereon alleges that Defendant, and/or DOES 1 - 50, and each of them, at all times relevant herein, were the agents and employees of their co-defendants, and in doing the things alleged in this complaint were acting in the course and scope of such agency and employment.

5. Defendant, and/or DOES 1 - 50, and each of them, are the employers of the managers and supervisors herein complained of, and supervising over Plaintiff, and therefore Defendant, and/or DOES 1 - 50, and each of them, are liable for the discriminatory and retaliatory acts conducted by their agents, employees and supervisors, under the theory of *Respondeat Superior* and/or strict liability.

## JURISDICTION & VENUE

6. Plaintiff brings this action pursuant to and under the provisions of the Fair Employment and Housing Act, California Government Code §§ 12940, et seq.; California Family Rights Act, California Government Code §§12945 et seq.; California Constitution, Article I, § 1; and other common and statutory laws.

7. Plaintiff was considered an "employee" within the meaning of Fair Employment Housing Act

(hereinafter referred to as "FEHA"). Defendant Petsmart is and at all times relevant hereto, has been, an "employer" as defined by FEHA.

8. The amount in controversy exceeds the minimum jurisdictional threshold of this arbitration service pr sometimes referred to herein as a Court.

9. At all times set forth herein, Defendant Petsmart, and/or DOES 1–50, and each of them, employed (5) or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and is otherwise subject to the provisions of FEHA and other applicable laws.

10. This Court has diversity jurisdiction over this case as the amount in controversy exceeds $75,000, Plaintiff resides in California, and Defendant is incorporated and his its principal place of business in Delaware and Arizona respectively.

11. Plaintiff is informed and believes, and thereon alleges, that most of the witnesses and evidence relevant to this case are located in Santa Clara County, California.

12. Plaintiff is informed and believes, and thereon alleges, that the relative costs and burdens to the parties herein favor the filing of this lawsuit in this Court. Defendant, and/or DOES 1 - 50, and each of them, suffer no burden or hardship by having to defend this case in this Court. However, Plaintiff would suffer severe and undue burden and hardship if she were required to file in an alternative forum, if any such forum exists. Such burden and hardship on Plaintiff includes, but is not limited to prohibitive monetary expenses for travel, obtaining counsel in a different venue and/or jurisdiction, increased expenses to investigate and obtain evidence and depose and interview witnesses.

13. State policy favors jurisdiction in California because the State of California has a policy of protecting California residents and ensuring the applicability of FEHA, and other applicable California laws.

14. Venue is proper in this Court because the acts and events set forth in this Complaint occurred in whole or in part in Northern California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. Within the time provided by law, Plaintiff made a complaint to the California Department of

Fair Employment and Housing ("DFEH") against Defendants, and each of them. Within a month of the date of the filing of this Demand for Arbitration, Plaintiff received a right-to-sue letters from the DFEH.

## GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16. Plaintiff Vanessa Ramirez ("Plaintiff" or "Ramirez") was an employee of Defendant Petsmart, Inc. ("Defendant" or "Petsmart") from August 2012 until July 2016. Defendant Petsmart, Inc. is the largest specialty pet retailer of services and solutions for the lifetime needs of pets. Petsmart employs approximately 53,000 associates, operate approximately 1,477 pet stores in the United States, Canada and Puerto Rico and approximately 203 in-store Petsmart PetsHotel dog and cat boarding facilities.

17. Plaintiff started her employment at Petsmart as a Petshotel Associate. She worked at Store Number 1418 located at 607 Coleman Avenue, San Jose, California. Petsmart promoted her to become a Senior PetsHotel Associate in November of 2012. At the time of her promotion, she had received positive comments and evaluation from two previous hotel managers, Heather Rand and Josh (last name unknown). At some point in time after Plaintiff's promotion, her manager was Patsy Cosio ("Cosio"). Plaintiff was a loyal and dedicated employee. She received a series of positive job performance evaluations and positive comments from her supervisor regarding her job performance up until she reported to her managers that she was pregnant.

18. Plaintiff became pregnant in early 2016. Shortly thereafter, in or about March of 2016, Plaintiff disclosed her pregnancy to Cosio. Immediate after disclosing her pregnancy to Cosio, Cosio subjected Plaintiff to harassing and bullying conduct because of her pregnancy. Cosio would on a daily basis treat plaintiff rudely and disrespectfully in front of other associates and customers. She would routinely glare at plaintiff during work hours. She would continuously call plaintiff into her office and speak with her in a hostile manner, frequently accusing plaintiff of engaging in activities which plaintiff never did.

19. In approximately March 2016, plaintiff asked Cosio to accommodate her work demands

because of physical conditions relating to her pregnancy. Specifically, plaintiff requested that Cosio allow plaintiff to perform more work at the front desk as a guest service representative because the shifts in the back of the hotel were much more physically taxing. Initially, Cosio granted plaintiff's request for an accommodation. However, after a few weeks, Cosio inexplicably demanded that plaintiff work on the "back shift," commonly referred to by the store employees as opening and closing. In response, plaintiff complained that she was uncomfortable working the opening and closing shifts because of physical conditions related to her pregnancy. She asked Cosio to continue to allow her to perform the duties at the front desk. Cosio refused. Cosio suggested that Plaintiff was lying about her pregnancy to get out of working. Cosio told Plaintiff that, if she wanted any restrictions, she would have to produce a doctor's note stating her limitations. Plaintiff told Cosio that she would provide a doctor's note but could not do so until her next appointment.

20. A short time later, Plaintiff obtained the doctor's note that Cosio had requested. However, Cosio later told Plaintiff that a doctor's note regarding her limitations would be insufficient. On or about June 22, 2016, Cosio gave plaintiff a Petsmart form to complete regarding her physical limitations. Plaintiff asked why Cosio had not provided her the form earlier when they spoke about the doctor's note. Cosio told Plaintiff that she did not consider it to be an "issue" before and that Plaintiff was becoming an "inconvenience" to her. Plaintiff was extremely upset by Cosio's comment. She told Cosio that should would have her doctor complete the form, accepted the form from Cosio, and put the forms in her locker. Plaintiff then walked back to the lobby, and was standing at the front desk using the computer when Cosio approached her in an angry manner and told Plaintiff that she and the store Manager, named "JD", wanted to speak with her. Plaintiff told Cosio that she would prefer to speak with JD alone first. Cosio laughed at Plaintiff. Plaintiff immediately went to JD's office and complained to JD that she believed that Cosio was treating her unfairly, bulling her, and harassing her because of her pregnancy.

21. In or about June 27, 2016, Plaintiff provided a completed accommodations form to Cosio, who then showed the form to JD and Gloria. Plaintiff was restricted by her doctor, Doctor Nam

Nguyen, from performing certain duties. Specifically, she was instructed to do no dog walking, no work near cat litter, no lifting, pushing, pulling or carrying any items more than 10 pounds. Doctor Nguyen projected that the restrictions would last about 9 months. Dr. Nguyen also approved Plaintiff to work on light duty, if Defendant had light duty positions available..

22. After Plaintiff notified Cosio of her work restrictions, Cosio refused to take any action to accommodate her work duties to allow Plaintiff to perform her job with accommodations. Cosio became increasingly hostile to Plaintiff after Plaintiff turned in her restrictions. Cosio insisted that she could not modify Plaintiff's job duties. Plaintiff complained to Cosio, JD and others about the unfair treatment.

23. On June 24, 2016, Plaintiff made a complaint to Petsmart's hotline about Cosio's harassment, discrimination and failure to accommodate her work restrictions. Almost immediately thereafter, on or about July 4, 2016, Petsmart put plaintiff on full disability/leave of absence because of her pregnancy, as they would not accommodate the restrictions ordered by Plaintiff's doctor. Plaintiff then called the disability line for Petsmart, and Sylvia Villa gave Plaintiff more information as to why Cosio and JD said Plaintiff was put on full leave of absence. Sylvia told Plaintiff that was put on leave due to them saying Plaintiff had a previous miscarriage and there were no hours to accommodate Plaintiff's restrictions.

## . FIRST CAUSE OF ACTION
GENDER DISCRIMINATION IN VIOLATION OF
GOV'T CODE §12940, et seq.
(Against Petsmart)

24. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 23 as though fully set forth herein.

25. At all times relevant herein, Plaintiff was employed by Defendant PETSMART, and/or DOES 1 – 50, and each of them.

26. The FEHA requires defendants to refrain from discrimination against an employee on the basis of her gender/sex.

27. Defendant, and/or DOES 1 - 50, and each of them, made numerous decisions that adversely

affected Plaintiff in regards to the terms, conditions and privileges of employment culminating in her termination, actual or constructive, on the basis of her gender.

28. As a direct, proximate, and foreseeable result of Defendant, and/or DOES 1 - 50, and each of their, acts and/or failures to act, as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation, and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

29. Defendant, and/or DOES 1 - 50, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by a supervising employee acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendant, and/or DOES 1 - 50, and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SECOND CAUSE OF ACTION
FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, AND/OR RETALIATION IN VIOLATION OF GOV'T CODE 12940, et seq.
(Against Petsmart)

30. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 59 as though fully set forth herein.

31. At all times relevant herein, Plaintiff was employed by Defendant PETSMART, and/or DOES 1-50, and each of them.

32. At all times mentioned herein, Defendant PETSMART was prohibited by California Government Code §12940, et seq., among other California statutes, from failing to take all reasonable steps necessary to prevent harassment, discrimination, and/or retaliation from

occurring.

33. Plaintiff, Defendant subjected Plaintiff retaliatory conduct and/or ratified the discriminatory harassing retaliatory conduct towards Plaintiff because of her complaints.

34. Plaintiff is informed and believes, and thereon alleges, that Defendant PETSMART failed to act and/or to take all reasonable steps necessary to prevent harassment, retaliation and discrimination from occurring.

35. As a direct and proximate result of Defendant's, and/or DOES 1-50, and each of their, their acts and/or failure to act, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

36. Defendant, and/or DOES 1-50, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by a supervising employee acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendant, and/or DOES 1-50, and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### THIRD CAUSE OF ACTION
RETALIATION IN VIOLATION OF GOV'T CODE §12940, et seq.
(Against Petsmart)

37. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 66 as though fully set forth herein.

38. At all times relevant herein, Plaintiff was employed by Defendant PETSMART, and/or DOES 1-50, and each of them.

39. The FEHA makes it unlawful for any employer to discriminate or otherwise adversely treat

its employees because they opposed a practice in violation of FEHA. Plaintiff complained to her managers about the retaliatory, discriminatory and harassing conduct she experienced from Le based on her pregnancy. In retaliation for her complaints, Plaintiff was terminated from her employment with PETSMART.

40. Plaintiff is informed and believes, and thereon alleges, that Defendant PETSMART terminated her without justifiable cause and/or without a reasonable business interest in terminating her position.

41. Plaintiff is informed and believes, and thereon alleges, that Defendant's, and/or DOES 1-50, and each of their, acts and/or failure to act, was in retaliation for Plaintiff's opposition of unlawful harassment and discrimination she endured while employed by Defendant PETSMART.

42. As a direct and proximate result of Defendant's, and/or DOES 1-50, and each of their, acts and/or failure to act, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

43. Defendant, and/or DOES 1-50, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendant, and/or DOES 1-50, and each of them, in an amount to be proven in trial. WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### FOURTH CAUSE OF ACTION
VIOLATION OF CALIFORNIA LABOR CODE § 1102.5
(Against Petsmart)

44. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 73 as though fully set forth herein.

45. At all times during Plaintiff's tenure with Defendant, and/or DOES 1-50, and each of them, California Labor Code § 1102.5, in relevant part, prohibited an employer from retaliating against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

46. Plaintiff refused to participate in Defendant's, and/or DOES 1-50, and each of their, violation of Labor Code §12490 seq., to participate in discriminatory and harassing conduct prevalent in Defendant's workplace which she reasonably believed to be in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

47. Defendant, and/or DOES 1-50, and each of them, violated California law when they terminated Plaintiff in retaliation for reporting pregnancy discrimination and harassment.

48. As a direct, proximate, and foreseeable result of Defendant's, and/or DOES 1-50 and each of their, acts and/or failures to act, as alleged herein, Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation, and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

49. Defendant, and/or DOES 1-50 and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendant, and/or DOES 1-100 and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### FIFTH CAUSE OF ACTION
WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
(Against Petsmart)

50. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 79 as though fully set forth herein.

51. At all times relevant to this complaint, FEHA was in full force and effect and binding upon defendants. FEHA prohibits employers from harassing employees because of sex and discriminating against the person in terms, conditions, or privileges of employment because of the person's sex, because the person has opposed any practices forbidden under FEHA.

52. Defendant PETSMART violated the public policy of California by terminating, actually and/or constructively, Plaintiff's employment because of her pregnancy and her request for maternity leave and/or complaints regarding discrimination against her because of her pregnancy, and/or her requests for accommodations or her complaints about Defendants' failure to accommodate them.

53. As a direct, proximate and foreseeable result of Defendants' acts and failures to act as alleged herein, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort. Plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all to her damage in an amount to be determined according to proof at trial.

54. Defendant PETSMART committed the acts herein alleged despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, despicable, and intentional manner in order to injure and damage Plaintiff, she is entitled to punitive damages from PETSMART in an amount according to proof. WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SIXTH CAUSE OF ACTION
WRONGFUL TERMINATION IN VIOLATION OF
GOV'T CODE §12940, et seq.
(Against Petsmart)

55. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 84 as though fully set forth herein.

56. At all times relevant herein, Plaintiff was employed by Defendant PETSMART, and/or DOES 1-50, and each of them.

57. FEHA prohibits termination of an employee for being opposed to practices in violation of FEHA. Plaintiff opposed practices in violation of FEHA as alleged *supra* and incorporated herein by reference. Further, the FEHA prohibits workplace discrimination based on an employee's sex and/or gender; Defendant, and/or DOES 1-50, and each of them, terminated Plaintiff, actually or constructively, because of her requests for accommodation and her complaints about failure to accommodate her requests. . Accordingly, Defendant, and/or DOES 1-50, and each of them, violated California law when they terminated Plaintiff.

58. Plaintiff is informed and believes, and thereon alleges, that Defendant, and/or DOES 1-50, and each of them, terminated her without justifiable cause and/or without a reasonable business interest, but in retaliation for her opposition to practices in violation to FEHA.

59. As a direct and proximate result of Defendant's, and/or DOES 1-50, and each of their, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

60. Defendant, and/or DOES 1-50, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by a supervising employee acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendant, and/or DOES 1-50, and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth

below.

## SEVENTH CAUSE OF ACTION
*Failure to Provide Reasonable Pregnancy Accommodations in Violation of FEHA*
[Against All Defendants]

61. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

62. Defendants are employers within the meaning of the California Fair Employment & Housing Act, Cal. Govt. Code § 12940, et seq. (the "FEHA").

63. Cal. Govt. Code § 12945 requires an employer provide reasonable accommodations to pregnant employees.

64. Plaintiff was an employee of Defendant was aware of and regarded Plaintiff as being pregnant.

65. Defendant failed to accommodate Plaintiff's requests for accommodation for her pregnancy. Plaintiff was able to perform her essential job functions with accommodation.

66. Defendant failed to provide reasonable accommodation for Plaintiff's pregnancy.

67. Defendant failure to reasonably accommodate Plaintiff and caused her economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, severe mental and emotional distress and discomfort.

68. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## EIGHTH CAUSE OF ACTION
*Failure to Engage in the Good Faith Interactive Process in Violation of the FEHA*
[Against All Defendants]

69. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained

in this complaint as though fully set forth herein.

70. Defendants are employers within the meaning of the California Fair Employment & Housing Act, Cal. Govt. Code § 12940, et seq. (the "FEHA"). Plaintiff was an employee of Defendants.

71. Defendant knew that Plaintiff was pregnant and that she requested pregnancy accommodation because of her conditions related to her pregnancy.

72. Defendant failed to participate in a good-faith interactive process with Plaintiff because failed to respond to Plaintiff's requests for accommodation.

73. Defendant failure to engage in the good faith interactive process caused Plaintiff economic and noneconomic harm in an amount to be proven at trial, but which are in excess of the minimum jurisdiction of this court. Plaintiff's damages include, but are not limited to, loss of earnings and benefits, humiliation, embarrassment, severe mental and emotional distress and discomfort.

74. Defendant committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Plaintiff is therefore entitled to recover and herein prays for punitive damages.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff makes the following demand:

(a) That process be issued and served as provided by law, requiring Defendants, and/or DOES 1 – 50, and each of them, to appear and answer or face judgment;

(b) For general, special, actual, compensatory and/or nominal damages, as against Defendant, and/or DOES 1 – 50, and each of them, in an amount to be determined at trial;

(c) For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendant, and/or DOES 1 – 50, and each of them, from further engaging in the conduct described herein;

(d) For back pay and other benefits Plaintiff would have been afforded but-for

Defendant's, and/or DOES 1 – 50, and each of their, unlawful conduct;

    (e)    For costs and expenses of this litigation;

    (f)    For reasonable attorneys' fees where appropriate;

    (g)    For declaratory relief as against Defendants, and each of them, in an amount to be determined at trial;

    (h)    For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and

    (i)    For all such other relief as this Court deems just and appropriate.

## DEMAND FOR JURY

Plaintiff demands a trial by jury on all causes of action and any issues relating thereto, including damages.

Dated: November 10, 2016

Law Offices of Daniel Feder

*/s/ Daniel Feder*

DANIEL FEDER
Attorney for Plaintiff,
VANESSA RAMIREZ