UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA RAMIREZ,<br><br>    Plaintiff,<br><br>v.<br><br>PETSMART, INC.,<br><br>    Defendant. | Case No. 16-cv-06552-EJD (SVK)<br><br>**ORDER ON DISCOVERY LETTER BRIEF REGARDING RECORDS REQUESTED FROM EMPLOYMENT DEVELOPMENT DEPARTMENT**<br><br>Re: Dkt. No. 25 |

Defendant PetSmart, Inc. submitted a discovery letter brief requesting an order compelling plaintiff Vanessa Ramirez to sign an authorization permitting the release of her records by the Employment Development Department ("EDD"). ECF 25. PetSmart states that it subpoenaed the records from EDD and Plaintiff did not object to the subpoena, but EDD has refused to release the records without a signed authorization from Plaintiff. *Id.* at 1. PetSmart represents that it made four requests to Plaintiff's counsel for a signed authorization, but Plaintiff refused. *Id.* PetSmart also states that it provided a draft of a joint discovery letter brief to Plaintiff's counsel, as required by this Court's standing order on discovery disputes, but Plaintiff did not respond and that PetSmart was therefore forced to file the letter brief independently. *Id.* at 2. Following receipt of PetSmart's letter brief, the Court gave Plaintiff an additional opportunity to submit any objection to the requested relief by May 16, 2017. ECF 26. Plaintiff has not filed any response to PetSmart's letter brief. Pursuant to Civil Local Rule 7-1(b), the Court concludes that the issue presented is appropriate for determination without oral argument.

PetSmart argues that the EDD records it is seeking are relevant to Plaintiff's claims in this case. Plaintiff has not demonstrated that the information is not discoverable. PetSmart's letter brief indicates that Plaintiff has argued to PetSmart that the information sought from the EDD is privileged (ECF 25 at 2), although Plaintiff has not made such an argument to the Court. In any

event, although the EDD may have a privilege not to disclose the information sought by PetSmart, Plaintiff does not have standing to raise the EDD's privilege. *See Lewis v. Home Depot U.S.A., Inc.*, No. C-12-6354 EMC (ECF 40) (ordering plaintiff to execute authorization forms permitting the release of information from EDD).

Accordingly, PetSmart's request is GRANTED. Within seven (7) calendar days of the date of this order, Plaintiff is ordered to execute an authorization form permitting the release of information from the Employment Development Department concerning Plaintiff's application for unemployment benefits. Nothing in this order bars EDD from raising any privilege against production of the documents sought by PetSmart or rules on the merits of such a claim of privilege.

**SO ORDERED.**

Dated: May 18, 2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge